## United Interchange, Inc., of New York v. Young

*Robert S. Shaw*, for plaintiff.

*W. Perry Tyson* and *James E. O'Neill, Jr.*, for defendant.

LICHTENFELD, J., April 4, 1961.—This matter is before the court for the second time on plaintiff's objections to amended interrogatories filed by defendant.

Plaintiff's action is based upon an alleged breach by defendant of a written contract dated December 3, 1958, and accepted in New York, N. Y., on December 5, 1958, by plaintiff, a foreign corporation. Defendant in order to prepare an answer has filed these interrogatories to determine whether or not defendant has available to it a defense that plaintiff was "doing business" in Pennsylvania without being registered as required by statute.

Objections have been filed to amended interrogatories 1, 2 and 3, for the reasons that (a) the question asked is beyond the limit of the scope permitted for discovery and inspection; (b) it will cause unreasonable annoyance and expense; (c) it relates to matter which is privileged; (d) it would require the making of an unreasonable investigation, and further that the question asked is irrelevant, incompetent and immaterial to the issue in this case.

It is not necessary for the determination of the issue here presented to rule at this time whether mere solicitation of business within the Commonwealth constitutes "doing of business" because solicitation, which is the primary inquiry of defendant under these interrogatories, is an element and, therefore, material also under the "solicitation plus other activities" rule.

Interrogatory no. 1 asks plaintiff "state the number and names of all persons, corporations, partnerships or business firms called upon by representatives of your corporation within the territorial limits of the Commonwealth of Pennsylvania for the purpose of soliciting business from June 1958 until June 1959."

This interrogatory is too broadly worded, and plaintiff need not answer it in its present form. Defendant

has filed these interrogatories to substantially aid him in preparation of an answer. Limiting these interrogatories to that purpose, it is evident that the names of the persons called upon by plaintiff's representatives is irrelevant and immaterial to the preparation of the pleading. Plaintiff, therefore, need not answer that portion of defendant's interrogatory. On the other hand, the number of persons called upon by plaintiff's representatives is relevant. However, plaintiff, being a corporation, cannot state the number of solicitation calls made by its representatives in Pennsylvania unless a record was made by each representative and such record became a part of the corporation's record. Further, to require plaintiff to contact every representative that it had in its employ from June 1958 to June 1959, whether presently employed by it or not and to examine his records, if he kept any, would require the making of an unreasonable investigation, and will cause unreasonable annoyance and expense to it, if it was required to attempt to find representatives that may no longer be employed by it, or to attempt to obtain such data from present employes, if no records were kept. Plaintiff can be compelled to answer this interrogatory, if the interrogatory is limited to the number of solicitation calls made according to plaintiff's record, if any.

Interrogatory no. 2 asks the plaintiff "state the number of persons, corporation, partnerships or business firms within the Commonwealth of Pennsylvania with whom plaintiff contracted to furnish its advertising services from June 1958 to June 1959."

This interrogatory is also too broadly worded, and plaintiff need not answer it in its present form. It conceivably includes information concerning contracts to which defendant is not entitled, and is therefore objectionable under Pa. R. C. P. No. 4011. Defendant is not entitled to know without limitation the informa-

tion sought. As stated, plaintiff is required to submit the number of contracts made by Pennsylvania citizens natural or corporate, regardless of where the contract became binding upon plaintiff, or by whom made on behalf of plaintiff.

Defendant is only entitled to know, if at all, the number of contracts for advertising services entered into with Pennsylvanians by and through plaintiff's agents soliciting in Pennsylvania from June 1958 to June 1959. All other contracts have no relevancy at this time.

Interrogatory no. 3 asks that plaintiff "state the names of representatives of plaintiff corporation who solicited business or represented plaintiff corporation for the purpose of servicing or procuring customers within the Commonwealth of Pennsylvania for plaintiff corporation's advertising services from June 1958 to June 1959."

This interrogatory becomes relevant and material at this time by reason of the limitation placed upon interrogatory no. 1. If, in answering the first interrogatory as limited by this opinion, plaintiff states that it has no records of solicitations made by its representatives, the only way defendant can obtain this information is by contacting plaintiff's agents hired for that purpose. It, therefore, is relevant and material in the preparation of defendant's pleadings. There is no doubt under the rules that defendant is permitted to secure the names of witnesses in preparation for the trial of this matter.

Plaintiff, therefore, cannot say that this interrogatory is objectionable under Pa. R. C. P. No. 4011.

## Order

And now, April 4, 1961, plaintiff's objections to defendant's amended interrogatories nos. 1 and 2 are sustained and denied as to amended interrogatory no. 3.